# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONICA COX, : | |
|    Plaintiff, : | No. 21-cv-5166-JMY |
| : | |
| v. : | |
| : | |
| UNITED PARCEL SERVICE, INC. : | |
|    Defendant. : | |

## MEMORANDUM

**Younge, J.**                                                                                                                April 8, 2024

Plaintiff commenced this action by filing a Complaint in the Eastern District of Pennsylvania. (Complaint, ECF No. 2.) In the Complaint, Plaintiff alleges to have been employed as a full-time sorter/pre-loader by Defendant UPS from November of 2020 through January of 2021. (*Id.*) Plaintiff proceeds *pro se* and alleges to have been subjected to sexually harassment and discrimination based on race, age, sex and disability by coworkers while at Defendant's jobsite during the relevant timeframe. (*Id.*) The Court granted Plaintiff *in forma pauperis* status in January of 2022. (Order & Memorandum, ECF No. 7-9.) Plaintiff filed a Motion to Appoint Counsel (ECF No. 3); therefore, the Court referred this lawsuit to the employment panel in the Eastern District of Pennsylvania, so that attorneys on the panel could review the docket and decide if they would like to voluntarily enter an appearance. (Order, ECF No. 15.)

In October of 2022, a volunteer attorney entered an appearance on behalf of Plaintiff, but then withdrew after a conflict arose between herself and Plaintiff. (Notice of Appearance, ECF No. 19; Motion to Withdraw as Attorney, ECF No. 20-21.) At the request of Plaintiff, this matter remained on the employment panel list until December of 2023; however, no attorney volunteered to enter an appearance. In December of 2023, this matter was moved off the

district's employment panel and Plaintiff confirmed her intent to proceed *pro se*. (Order, ECF No. 33, Report of Rule 26(f) Meeting, ECF No. 34.) The Court entered a Scheduling Order in December of 2023 which set forth a discovery deadline of April 19, 2024. (Scheduling Order, ECF No. 36.)

On February 9, 2024, Defendant UPS filed a motion to compel responses to interrogatories and requests for production of documents that Defendant UPS had served on Plaintiff on June 22, 2023. (Motion to Compel Responses to Discovery Requests, ECF No. 37). After Plaintiff failed to respond to that motion, the Court entered an Order on February 27, 2024 that granted Defendant UPS's motion to compel responses to discovery. (Order, No. 38.) The Court directed Plaintiff to respond to Defendant UPS's interrogatories and requests for production of documents. (*Id.*) In its Order, the Court specifically warned Plaintiff that a continued:

> Failure to provide substantive responses to Defendant's Initial Interrogatories and Request for Production of Documents may result in the Court entering an order that sanctions Plaintiff and, upon appropriate motion by Defendant, the Court may dismiss this action as a sanction for Plaintiff's failure to prosecute.

(*Id.*)

On March 15, 2024, Defendant UPS filed the Motion to Dismiss for Lack of Prosecution (ECF No. 39) that is currently pending before the Court. In this Motion, Defendant UPS alleges that Plaintiff has continued to ignore its discovery requests. (Declaration of S. Joseph Stephens, III, ¶ 3, MTD Exhibit A, ECF No. 39-1.) Defendant UPS alleges that Plaintiff has not communicated with it in anyway and has failed to respond to interrogatories and requests for production of documents as directed by the Court in the February 27, 2024 Order. (*Id.* at ¶ 4). On March 19, 2024, the Court Ordered Plaintiff to file an opposition brief in response to the motion to dismiss. (Order, ECF No. 40.) To date, Plaintiff has failed to file anything.

2

The Court is left to presume the veracity of allegations made by Defendant UPS in its Motion to Compel Responses to Discovery Requests and Motion to Dismiss for Lack of Prosecution because Plaintiff has failed to respond to either motion.  Under these circumstances, the Court is left to presume that Plaintiff has in fact failed comply with the obligation of litigants to cooperate in good faith during the discovery process.  Plaintiff has also failed to respond to Defendant UPS's motion to dismiss for lack of prosecution within fourteen days as required by Local Rule of Civil Procedure 7.1(c).  On March 19, 2024, the Court entered an Order that directed Plaintiff to file a brief in opposition no later than April 2, 2024, and it stated that if Plaintiff failed to do so, Defendant UPS's Motion might be granted as uncontested without further notice under Local Rule 7.1(c).  *See* E.D. Pa. Local R. Civ. P. 7.1(c) ("In the absence of timely response, [a] motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56.").

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court."  Fed. R. Civ. P. 41(b).  District courts have the inherent power to dismiss a lawsuit *sua sponte* for failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  Therefore, the Court relies on the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort, for itself, counsel, and for litigants" to dismiss this lawsuit. *Chartener v. Providential Mut. Life Ins. Co.*, No. 02-8045, 2003 U.S. Dist. LEXIS 19500, at *2 (E.D. Pa. Oct. 23, 2003) (Citing *Landis v. N. Am Co.*, 299 U.S. 248, 254 (1936)).

The Court finds further support for its decision to dismiss this lawsuit based on Local Rule 7.1(c).  Pursuant to Local Rule 7.1(c), "[i]n the absence of timely response, [a] motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure

governing summary judgment motions]."  See, e.g., *United States v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000) ("Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets" and district courts have the authority "to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule.").

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted simply because it is unopposed.  However, the court did not preclude dismissal based upon an unopposed motion after adequate warning:

> We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked.  Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

*Id.*

Plaintiff has now had ample opportunity to respond to the discovery request made by Defendant UPS and to the Motion to Dismiss for Lack of Prosecution.  As discussed above, Plaintiff was advised by the Court's March 19, 2024 Order that failure to file a response to Defendant UPS's Motion could result in dismissal under Local Rule 7.1(c).  As no response has been filed, "[i]t thus appears that [Plaintiff] no longer wishes to pursue this action."  *See Biddle v. Grandview Hosp.*, No. 14-6614, 2015 U.S. Dist. LEXIS 72856, at *3 (E.D. Pa. June 5, 2015) (dismissing as uncontested a motion to dismiss against a represented party).  "The district courts may *sua sponte* grant a motion as uncontested."  *Id.; see Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 82 n.4 (3d Cir. 2004) ("Local Rule 7.1(c) does not require a motion to grant another

motion as uncontested."). Due to Plaintiff's failure to oppose Defendant UPS's motion to dismiss, the Court grants the motion as unopposed without a merits analysis. *See Kabacinski*, 98 F. App'x at 82 ("If Kabacinski missed this new deadline, Local Rule 7.1(c) gave the District Court the power to grant Bostrom's motion as uncontested."); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

    A separate Order follows.

**BY THE COURT**:

   /s/ John Milton Younge
Judge John Milton Younge